38827. The State, ex rel. Reed, appellant v. Industrial Commission of Ohio, appellee. 

Zimmerman, Judge.

An employer who neither owns nor is responsible for the condition and maintenance of a device used by his employee in doing work for the owner thereof, which device as constructed is violative of a specific safety requirement imposed by law or by an order of the Industrial Commission, and the employee is injured in its use and because of its condition, such employer is not the "employer" comprehended by Section 35, Article II of the Constitution of Ohio, for whose disregard of a specific safety requirement the Industrial Commission is empowered to make an additional compensation award to the injured employee.

Judgment affirmed.

Taft, C. J., Matthias, O'Neill, Schneider and Brown, JJ., concur.

Herbert, J., dissents.

38938, 38939 and 38940. City of Brooklyn et al., appellants v. Cuyahoga County Budget Commission et al., appellees. 

Schneider, Judge.

1. In an appeal, under Section 5717.-04, Revised Code, to the Supreme Court or a Court of Appeals from a decision of the Board of Tax Appeals which apportions the undivided local government fund of a county under the provisions of Section 5705.37, Revised Code, the only appellees necessary to confer jurisdiction of the appeal on the court are the parties joined in the proceedings before the board. (*Reuben McMillan Free Library Assn.* v. *Mahoning County Budget Commission*, 175 OhioSt. 91, overruled to the extent inconsistent herewith.)

2. In an appeal to the Board of Tax Appeals from an apportionment of an undivided local government fund by a county budget commission, under Sections 5739.25 and 5705.37, Revised Code, the board hears and determines the matter *de novo* in the place of, and as if it were, the budget Commission, and every subdivision of the county entitled to participate in that fund is a necessary party thereto. A decision of the board pursuant to proceedings in which all necessary parties were not joined is unreasonable and unlawful.

Decision reversed.

Smith, Matthias, O'Neill and Brown, JJ., concur.

Taft, C. J., and Herbert, J., concur in paragraph two of the syllabus and in the judgment but dissent from paragraph one of the syllabus.

Smith, J., of the Sixth Appellate District, sitting for Zimmerman, J.

38976. Renner et al., appellees v. Johnson et al., appellants. 

██ Taft, Chief Justice.

1. Where an owner of two parcels of land subjects one of them to an easement in favor of the other and where such owner sells the dominant parcel without providing for that easement in his grant and where the enjoyment of such easement is reasonably necessary to the beneficial en-